ROBERT S. BROWN, State Bar No. 187845
**ROBERT STANFORD BROWN, APC**
714 W. Olympic Boulevard, Suite 450
Los Angeles, California 90015
Telephone: (213) 745-6300
Facsimile:  (213) 261-3906
rstanfordbrown@gmail.com

NANA GYAMFI, State Bar No. 171480
**NANA GYAMFI, ATTORNEY**
7526 Crenshaw Blvd.
Los Angeles, CA 90043
Telephone: (323) 947-9772
attorneygyamfi@gmail.com

Attorneys for Plaintiff JASMYNE CANNICK

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASMYNE CANNICK,<br><br>                    Plaintiff,<br>vs.<br><br>CITY OF LOS ANGELES, a public entity, CHARLIE BECK, RAUL PEDROZA, LAPD OFFICER MARTINEZ #34593, and DOES 1 through 10, Inclusive,<br><br>                    Defendants. | CASE NO.: 2:16-cv-08965 (GJS)<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES:**<br><br>(1) Violation of 1st Amendment, (42 U.S.C. §1983);<br><br>(2) Violation of 4th Amendment, (42 U.S.C. §1983);<br><br>(3) Muncipal Liability (*Monell* Claim) (42 U.S.C. §1983)<br><br>(4)  Municipal Liability - Ratification (42 U.S.C. §1983)<br><br>(5) Supervisory Liability (42 U.S.C. §1983)<br><br>(6) Failure to Prevent Violation of Civil Rights (Bystander Liability)<br><br>(7) Bane Act;<br><br>(8) False Arrest and Imprisonment<br><br>(9) Malicious Prosecution |

1

)  (10) Intentional Infliction of Emotional
)        Distress
)
**(DEMAND FOR JURY TRIAL)**

_____

## I.

## COMPLAINT

Plaintiff Jasmyne Cannick brings this lawsuit pursuant to 42 U.S.C. §1983 to vindicate her rights to freedom of speech and freedom of the press, as well as her rights to be free from unreasonable and unlawful seizures by Los Angeles Police Department ("LAPD") officers and supervisors acting under color of law.

## INTRODUCTION

1.     The First Amendment to the United States Constitution protects the rights of citizens to participate in the public discourse about matters of public interest or concern (e.g., the use of excessive force of LAPD officers against citizens).

2.     The First Amendment also protects the rights of journalists to report on protests about societal issues because the free exchange of information is a fundamental precept of a participatory democracy.

3.     In this case, LAPD police officers and supervisors tasked with preserving those rights instead used unconstitutional detention and arrest, and, ultimately, bogus criminal charges to attempt to silence a journalist in retaliation for news reports and articles that she has written, which were critical of or unfavorable to the LAPD or its leadership.

4.     In short, this case is about vindicating the constitutional rights of an accomplished journalist, Jasmyne Cannick.

## VENUE AND JURISDICTION

5.     This action is brought under 42 U.S.C. §§1983, and the First, Fourth and Fourteenth Amendments of the United States Constitution.  Jurisdiction is founded on 29

U.S.C. §§1331 and 1343(a)(1), (2), (3) and (4).  State claims are brought under pendant jurisdiction.

6.     Venue is proper in the Central District of California.  The facts and circumstances underlying all claims, as well as the injuries, took place within the geographic jurisdiction of this Court.

## II.

## PARTIES

7.     At all relevant times, Plaintiff JASMYNE CANNICK ("Plaintiff") was a resident of Los Angeles County in California.

8.     THE CITY OF LOS ANGELES ("the CITY") is a governmental entity organized under the laws of the State of California.  The CITY is responsible for and administers the CITY'S Police Department ("LAPD"), which, through LAPD Police Chief CHARLIE BECK, promulgates policies and practices for the arrest and detention of criminal suspects.  At all times, the CITY possessed the power and authority to adopt policies and prescribe rules, regulations, policies and practices affecting all facets of the training, supervision, control, employment, assignment, discipline, and removal of individual members of the LAPD.  The CITY was also charged with the responsibility to assure that these policies, practices, rules and regulations of the LAPD were in compliance with the laws and constitution of the United States and the State of California.

9.     Defendant CHARLIE BECK ("Chief Beck"), is and all relevant times, was the Chief of the LAPD.  Thus, at all relevant times, he monitored, supervised, and was ultimately responsible for the conduct of LAPD officers.  He, along with other officials of the CITY, at all times possessed the power and authority and was charged by law with the responsibility to enact policies and to prescribe rules and practices concerning the operation of the LAPD, including the methods by which criminal

suspects were to be taken into police custody.  Plaintiff is informed and believes that Chief Beck is a resident of Los Angeles County in California.

10.    At all relevant times, Defendant RAUL PEDROZA ("Sgt. Pedroza"), was an LAPD Sergeant, employed by the City of Los Angeles.  Plaintiff is informed and believes that, at all relevant times, he was a resident of Los Angeles County in California.

11.    At all relevant times, Defendant Officer Martinez #34593 ("Officer Martinez"), was an LAPD officer, employed by the City of Los Angeles. Plaintiff is informed and believes that, at all relevant times, Officer Martinez was a resident of Los Angeles County in California.

12.    On information and belief, at all relevant times, DOES 1-10 were residents of Los Angeles County.  They were and are police officers, supervisors, agents or employees of the CITY or LAPD.  Regarding the acts alleged in this Complaint, at all relevant times, they were acting within the course and scope of their employment and agency, and under color of law, as police officers, supervisors, agents or employees of the CITY and LAPD.  Thus, at all relevant times, DOES 1-10 were acting under the color of statutes, ordinances, rules, regulations, policies, customs, and practices of the CITY, and its police department LAPD.

13.    On information and belief, at all relevant times, DOES 1-10 used unlawful practices and customs of making false arrests in retaliating against members of the press. This misconduct was encouraged, tolerated or condoned by the CITY, Chief Beck, Sgt. Pedroza, Officer Martinez and DOES 1-10.

14.    DOES 1-10 are persons who were present and participated directly in the events that are the subject of this Complaint, and/or were persons employed by the CITY that formulated policies and procedures and encouraged practices that caused the events. Plaintiff is informed and believes that each fictitiously named Defendant is responsible in some manner for the occurrences alleged and that Plaintiff's damages were

4

proximately caused by the negligent or reckless or intentional wrongful and tortious conduct of such Defendants.  The true names and capacities of these persons are unknown to Plaintiff.  Plaintiff will seek leave to amend this Complaint to show their true identities when the same have been ascertained.

15.     Regarding all alleged acts and omissions, at all relevant times, Defendants and DOES 1-10 were agents, servants, and employees of their co-defendants.  In doing the things alleged, Defendants were acting within the scope of their authority as agents, servants and employees with the permission, consent, ratification and encouragement of their co-defendants.  At all relevant times, Defendants and DOES 1-10 were acting within the course and scope of their employment as police officers, supervisors or employees of the CITY and the LAPD.  The CITY is liable for the state law claims under the principles of *respondeat superior* for its employees' tortious conduct pursuant to California Government Code § 815.2.

16.     With respect to the state law claims that are presented in this Complaint, Plaintiff timely filed government tort claims with the CITY.  These government tort claims were rejected.  This Complaint is timely filed.

## III.

## FACTS COMMON TO ALL CAUSES OF ACTION

17.     Plaintiff is a highly respected journalist and political/social commentator. She has written a number of articles and news reports about the LAPD.  During her journalistic career, she has written articles or news reports about controversial topics regarding the LAPD and Chief Beck. At times, Plaintiff has been extremely critical of the actions and decisions of the LAPD and its leadership.

18.     On the evening of November 19, 2014, Plaintiff was covering a protest march against police brutality in downtown Los Angeles.  She was intending to report on her observations of this public event.

19.    Plaintiff was following a throng of protesters.  In the area of 6th Street and Flower Street, LAPD officers started herding Plaintiff and the protesters towards 6th Street and Hope Street.

20.    At 6th Street and Hope Street, while following the protesters, Plaintiff was blocked in on all sides by LAPD officers.  LAPD officers did not allow Plaintiff to move beyond the containment of about 150 protesters.

21.    Plaintiff noticed that there were other reporters who were contained with the protesters.  She observed that LAPD officers were allowing the other reporters to leave after identifying themselves as reporters.  When Plaintiff attempted to do the same, LAPD officers did not allow her to leave the area.

22.    Subsequently, Plaintiff was detained, handcuffed and arrested without probable cause or reasonable suspicion.  Officer Martinez was the arresting officer.  Plaintiff was unlawfully arrested under Penal Code § 409—Failure to Disperse.

23.    At the time of Plaintiff's unlawful detention and arrest, Chief Beck was in the area.  Chief Beck made eye contact with Plaintiff.  Chief Beck knew who Plaintiff was. In fact, Plaintiff had conducted a face-to-face interview of Chief Beck on a prior occasion.  Plaintiff is informed and believes that he knew that Plaintiff did not engage in any illegal activity while at the protest march.  Plaintiff is informed and believes that Chief Beck observed her unlawful detention and arrest.  Plaintiff is informed and believes that Chief Beck knew that she was being unlawfully detained and arrested.  Finally, Plaintiff is informed and believes that Chief Beck allowed her to be unlawfully arrested and detained due to his displeasure about Plaintiff's articles or news reports that were extremely critical of the LAPD or his leadership of the LAPD.

24.    After her arrest, Plaintiff was transported to Van Nuys jail where she was physically searched and stripped of her belongings.  She was not released from custody until the next morning on November 20, 2014.

25.     The police report relating to Plaintiff's arrest contained fabrications regarding the circumstances of Plaintiff's arrest. Based on the information contained in the report, Sgt. Pedroza claimed that Plaintiff was at the front of the protest group and that she told Sgt. Pedroza, "We are coming through" in an effort to lead protesters across the skirmish line of LAPD officers.  Sgt. Pedroza also claimed that he had to push Plaintiff back to prevent her from crossing the skirmish line.  Sgt. Pedroza also claimed that he told Plaintiff "and the other protesters" that no one was going to cross the skirmish line.  Finally, Sgt. Pedroza claimed that Plaintiff never identified herself as a member of the media and that she appeared to be leading the protesters.

26.     None of Sgt. Pedroza's claims regarding Plaintiff's actions at the protest march are true.  Plaintiff was not at the protest as a protester but as a reporter.  Plaintiff never stood at the front of the protesters.  Plaintiff never led the protesters.  Plaintiff never approached the skirmish line, let alone attempt to cross it.  Plaintiff never made any statements about coming through the skirmish line.  Sgt. Pedroza never pushed Plaintiff back from the skirmish line.  Plaintiff was never told by anyone that no one was going to cross the skirmish line.  Plaintiff did identify herself as a journalist in an attempt to leave the area where the protesters were contained.

27.     Sgt. Pedroza did admit to recognizing Plaintiff because he had previously seen her on the news.  Plaintiff is informed and believes that Sgt. Pedroza falsely attributed statements and actions to Plaintiff to justify her unlawful detention and arrest.  Specifically, Plaintiff is informed and believes that he made these false claims against her in retaliation for her articles or news reports that were critical of the LAPD.

28.     As a result of this falsified arrest report, the Los Angeles City Attorney's Office filed criminal charges against Plaintiff.  These baseless criminal charges were finally dismissed on November 19, 2015—one year to the day after her arrest.

/ / /

/ / /

# IV.

## FIRST CLAIM FOR RELIEF

### Violation of First Amendment Rights

### [As against Sgt. Pedroza, Officer Martinez and DOES 1-10]

29.     Plaintiff re-alleges and incorporates all of the allegations contained in paragraphs 1-28.

30.     This action is brought pursuant to 42 U.S.C. §1983, and the First and Fourteenth Amendments of the United States Constitution.

31.     Under the Free Speech and Freedom of the Press clauses of the First and Fourteenth Amendments to the United States Constitution, Plaintiff had the right to speak about and report on matters of public importance, like the police brutality protest march on November 19, 2014.

32.     Plaintiff engaged in protected conduct by attending this event, which was open to the public, and observing it for the purpose of reporting on it.

33.     Acting under color of law, Sgt. Pedroza, Officer Martinez and DOES 1-10 deprived Plaintiff of these rights by singling Plaintiff out and retaliating against her due to her prior news reports and articles about the LAPD or its leadership. In preparing and delivering these articles and news reports to the public, as well as reporting on issues of public concern, Plaintiff was exercising her rights to freedom of speech and freedom of press.

34.     Sgt. Pedroza's, Officer Martinez's, and DOES 1-10's unlawful detention and arrest of Plaintiff on a fabricated criminal charge of Penal Code §409—Failure to disperse was a violation of Plaintiff's rights under the First and Fourteenth Amendment.

35.     Sgt. Pedroza's false claims about Plaintiff's actions and statements at the protest march were a violation of Plaintiff's rights under the First and Fourteenth Amendment.

36.     Defendants Sgt. Pedroza, Officer Martinez and DOES 1-10 acted

specifically with the intent to deprive Plaintiff of her constitutional rights under the First Amendment of freedom of speech and freedom of press.

37.    These Defendants subjected Plaintiff to the stated deprivations by actual malice, deliberate indifference or a reckless disregard of her rights under the United States Constitution.

38.    As a direct and proximate result of the actions of these Defendants, Plaintiff suffered the violation of her constitutional rights.  She was made to lose her freedom and liberty for a period of time.  As a result of her false arrest, she has suffered mental and emotional distress, humiliation, and anguish.

39.    The acts of these Defendants were willful, wanton, malicious and oppressive justifying the award of exemplary and punitive damages.  Further, Plaintiff is entitled to, and does seek attorneys' fees pursuant to 42 U.S.C. Section 1988.

**V.**

**SECOND CLAIM FOR RELIEF**

**Violation of Fourth Amendment Rights**

**[As against Sgt. Pedroza, Officer Martinez and DOES 1-10]**

40.    Plaintiff re-alleges and incorporates all of the allegations contained in paragraphs 1-39.

41.    This action is brought pursuant to 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments of the United States Constitution.

42.    At all relevant times, Plaintiff possessed the right, guaranteed by the Fourth Amendment of the United States Constitution to be free from unreasonable and unlawful seizures by police officers or supervisors acting under color of law.  As described in Section III above, Sgt. Pedroza and Officer Martinez, including DOES 1-10 violated Plaintiff's' Fourth Amendment rights by unlawfully and unreasonably detaining and arresting her without reasonable suspicion or probable cause.

43.    In doing so, these Defendants acted specifically with the intent to deprive

9

Plaintiff of her constitutional rights under the Fourth Amendment to be free from unreasonable and unlawful seizures.

44.     These Defendants subjected Plaintiff to the stated deprivations by actual malice, deliberate indifference or a reckless disregard of her rights under the United States Constitution.

45.     As a direct and proximate result of the actions of these Defendants, Plaintiff suffered the violation of her constitutional rights.  She was made to lose her freedom and liberty for a period of time. As a result of her false arrest, she has suffered mental and emotional distress, humiliation, and anguish.

46.     The acts of these Defendants were willful, wanton, malicious and oppressive justifying the award of exemplary and punitive damages.  Further, Plaintiff is entitled to, and does seek attorneys' fees pursuant to 42 U.S.C. Section 1988.

## VI.

### THIRD CLAIM FOR RELIEF

### Municipal Liability (42 U.S.C. § 1983)

### [As against the CITY]

47.     Plaintiff re-alleges and incorporates all of the allegations contained in paragraphs 1-46.

48.     Defendant CITY, through its administrators and decision-makers, knowingly and with deliberate indifference for the constitutional rights of citizens, including Plaintiff, promulgated, created, maintained, ratified, permitted, and encouraged a series of policies, customs, and practices which authorized the use of the unlawful detention and arrest of citizens and deprivation of the freedom of speech and press, in violation of the United States Constitution.  Defendant CITY promulgated, created, maintained, ratified, permitted, and encouraged policies, customs, and practices, which lead to the unlawful seizure of Plaintiff and the deprivation of her rights under the First Amendment, as set forth in Section III.  These customs and practices also called for

the CITY and LAPD not to investigate known incidents and complaints of unlawful detentions and arrests and deprivations of First Amendment rights or to discipline LAPD Officers or Supervisors, including DOES 1-10, who committed such misconduct.  Thus, the CITY took no corrective action against LAPD officers who committed such misconduct.

49.    These policies, customs and practices of Defendant CITY, as alleged above, were the moving forces behind the de facto customs and practices of permitting and condoning individual LAPD officers or supervisors to make unlawful detentions and arrests and to deprive individuals of their First Amendment rights of freedom of speech and freedom of press.  The customs, policies, practices described were a legal cause of Plaintiff's injuries, resulting from her unlawful detention and arrest and the deprivation of her rights under the First Amendment.

50.    Defendant CITY acted with deliberate indifference to the rights of Plaintiff by showing conscious disregard for her liberty.   Thus, Defendant CITY has violated Plaintiff's constitutional rights and proximately caused the damages set forth in the incorporated paragraphs, all in violation of 42 U.S.C. § 1983.

51.    As a direct and proximate cause of the acts and omissions of Defendant CITY, Plaintiff has suffered extreme mental and emotional distress, humiliation, and anguish.

52.    Further, Plaintiff is entitled to, and does seek attorney's fees pursuant to U.S.C. Section 1988.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

11

# VII.

## FOURTH CLAIM FOR RELIEF

### Municipal Liability - Ratification (42 U.S.C. § 1983)

### [As against the CITY]

53.     Plaintiff re-alleges and incorporates all of the allegations contained in paragraphs 1-52.

54.     Chief Beck, Sgt. Pedroza, Officer Martinez, and DOES 1-10 acted under color of law in unlawfully detaining and arresting Plaintiff.

55.     The acts of Chief Beck, Sgt. Pedroza, Officer Martinez, and DOES 1-10 deprived Plaintiff of her rights under the First, Fourth and Fourteenth Amendments of the United States Constitution.

56.     At all relevant times, Chief Beck was the final policy-maker of the LAPD.  In his supervisory position he became aware of the unreasonable seizure of Plaintiff.

57.     Upon information and belief, Chief Beck, a final policymaker, acting under color of law, who had final policy-making authority concerning the acts of Defendants Sgt. Pedroza, Officer Martinez, and DOES 1-10, ratified Sgt. Pedroza's, Officer Martinez's, and DOES 1-10's acts and the basis for them.  Upon information and belief, Chief Beck, as final policymaker, knew of, approved and ratified Defendants' acts through his refusal to prevent Plaintiff from being unlawfully detained and arrested.

58.     Defendant CITY acted with deliberate indifference to the rights of Plaintiff by showing conscious disregard for her liberty.   Thus, Defendant CITY has violated Plaintiff's constitutional rights and proximately caused the damages set forth in the incorporated paragraphs, all in violation of 42 U.S.C. § 1983.

59.     As a direct and proximate cause of the acts and omissions of Defendant CITY, Plaintiff has suffered extreme mental and emotional distress, humiliation, and anguish.

60.     Further, Plaintiff is entitled to, and does seek attorney's fees pursuant to 42 U.S.C. Section 1988.

## VIII.

## FIFTH CLAIM FOR RELIEF

### Supervisory Liability (42 U.S.C. § 1983)

### (As against Defendants Chief Beck, Sgt. Pedroza and DOES 1-10)

61.     Plaintiff re-alleges and incorporates all of the allegations contained in paragraphs 1-60.

62.     At all relevant times, Defendants Chief Beck, Sgt. Pedroza and DOES 1-10 had the duty to train, instruct, supervise and discipline LAPD Officers, to insure that they respected and did not violate federal constitutional and statutory rights of citizens and to objectively investigate violations of citizen's rights, including the right to be free from unlawful seizure (detention or arrest) and to be free from deprivations of the rights to freedom of speech and freedom of press.

63.     Defendants breached these duties by participating in and condoning Plaintiff's illegal arrest and detention.  Defendants directed, encouraged, and acquiesced in the unlawful seizure of Plaintiff and the deprivation of her rights under the First Amendment. Defendants ratified, authorized or otherwise condoned the conduct of Sergeant Martinez, Officer Martinez and DOES 1-10.

64.     Defendants acted with deliberate indifference to the rights of Plaintiff by showing conscious disregard for her liberty.   Thus, Defendant CITY has violated Plaintiff's constitutional rights and proximately caused the damages set forth in the incorporated paragraphs, all in violation of 42 U.S.C. § 1983.

65.     As a direct and proximate cause of the acts and omissions of Defendants, Plaintiff has suffered extreme mental and emotional distress, humiliation, and anguish.

66.     The acts of these Defendants were willful, wanton, malicious and oppressive justifying the award of exemplary and punitive damages. Further, Plaintiff is entitled to, and does seek attorney's fees pursuant to 42 U.S.C. Section 1988.

## IX.

### SIXTH CLAIM FOR RELIEF

### Failure to Intervene

### (As against Chief Beck, Sgt. Pedroza and DOES 1-10)

67.     Plaintiff re-alleges and incorporates all of the allegations contained in paragraphs 1-66.

68.     Upon information and belief, Chief Beck, Sgt. Pedroza and DOES 1-10 observed Plaintiff's unlawful arrest and detention.  Plaintiff is informed and believes that Chief Beck, Sgt. Pedroza and DOES 1-10 knew that Plaintiff had not violated the law at the time of her unlawful arrest and detention.

69.     Plaintiff is informed and believes that Chief Beck, Sgt. Pedroza and DOES 1-10 allowed Plaintiff to be unlawfully detained and arrested even though he knew that she had not violated any law.

70.     As Chief of the LAPD, Chief Beck had the power, discretion and authority to intervene and prevent Plaintiff from being unlawfully detained and arrested by his subordinate LAPD officers, including Officer Martinez, Sgt. Pedroza and DOES 1-10. However, Chief Beck chose not intervene on Plaintiff's behalf.

71.     As a Sergeant in the LAPD, Sgt. Pedroza had the power, discretion and authority to intervene and prevent Plaintiff from being unlawfully detained and arrested by his subordinate LAPD officers, including Officer Martinez and DOES 1-10. However, Sgt. Pedroza chose not intervene on Plaintiff's behalf.

72.     Defendants had the affirmative duty to intervene to prevent an unlawful detention and arrest pursuant to *U.S. v. Koon,* 34 F. 3d 1416 (9th Cir. 1994).

73.     Defendants acted with deliberate indifference to the rights of Plaintiff by showing conscious disregard for her liberty.   Thus, Defendant CITY has violated Plaintiff's constitutional rights and proximately caused the damages set forth in the incorporated paragraphs, all in violation of 42 U.S.C. § 1983.

74.     As a direct and proximate cause of the acts and omissions of Defendants, Plaintiff has suffered extreme mental and emotional distress, humiliation, and anguish.

75.     The acts of these Defendants were willful, wanton, malicious and oppressive justifying the award of exemplary and punitive damages.  Further, Plaintiff is entitled to, and does seek attorney's fees pursuant to 42 U.S.C. Section 1988.

## X.

### SEVENTH CLAIM FOR RELIEF

### Violation of Bane Act – Cal. Civ. Code §52.1

### (As against All Defendants)

76.     Plaintiff re-alleges and incorporates all of the allegations contained in paragraphs 1-75.

77.     Defendants, while acting within the course and scope of their duties as LAPD officers or supervisors, interfered with the rights of Plaintiff to be free from unreasonable seizures and to be free from violation of her rights to freedom of speech and freedom of press, by threatening or committing acts of coercion or intimidation.

78.     As a direct and proximate cause of the acts and omissions of Defendants, Plaintiff has suffered extreme mental and emotional distress, humiliation, and anguish. Plaintiff's damages exceed the jurisdictional amount of this Court.

79.     The CITY is vicariously liable for the wrongful acts of Chief Beck, Sgt. Pedroza, Officer Martinez and DOES 1-10 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.

80.     The acts of these Defendants were willful, wanton, malicious and oppressive justify the awarding of exemplary and punitive damages.  Further, Plaintiff is entitled to, and does seek attorney's fees.

**XI.**

**EIGHTH CLAIM FOR RELIEF**

**False Arrest/False Imprisonment**

**(As Against All Defendants)**

81.     Plaintiff re-alleges and incorporates all of the allegations contained in paragraphs 1-80.

82.     Chief Beck, Sgt. Pedroza, Officer Martinez and DOES 1-10, acting intentionally, and with conscious disregard for Plaintiff's civil and constitutional rights, unlawfully detained and arrested her without a warrant, probable cause or lawful purpose, causing her to be placed unlawfully under the control and custody of Defendants.  Thus Defendants caused her to be confined and incarcerated without lawful process or legal justification.

83.     The CITY is vicariously liable for the wrongful acts of Chief Beck, Sgt. Pedroza, Officer Martinez and DOES 1-10 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.

84.     As a direct and proximate cause of the acts and omissions of Defendants, Plaintiff has suffered extreme mental and emotional distress, humiliation, and anguish.

85.     The acts of these Defendants were willful, wanton, malicious and oppressive justifying the award of exemplary and punitive damages.

/ / /

/ / /

/ / /

16

# XII.

## NINTH CLAIM FOR RELIEF

### Malicious Prosecution

#### (As Against All Defendants)

86.     Plaintiff re-alleges and incorporates all of the allegations contained in paragraphs 1-85.

87.     The criminal proceedings initiated against Plaintiff have been pursued to a legal termination favorable to Plaintiff.  The criminal charges against Plaintiff were dismissed on November 19, 2015.

88.     The criminal proceedings initiated against Plaintiff were brought without probable cause and without any reasonable belief in guilt.

89.     Defendants were aware that the statements of Sgt. Pedroza contained in the arrest report were false.  Nonetheless, Defendants caused Plaintiff to be charged criminally.

90.     The criminal proceedings against Plaintiff were initiated on the basis of Defendants' intentional and knowingly false accusations, fabrication of evidence, and other malicious conduct.

91.     The criminal proceedings against Plaintiff were initiated with malice in that Defendants caused the charges against Plaintiff to be filed by knowingly providing the prosecution misinformation and engaging in wrongful, bad faith conduct that was instrumental in causing the initiation of the legal proceedings against Plaintiff.

92.     Defendants' wrongful prosecution of Plaintiff was initiated with malice and without probable cause and was brought for the purpose of denying Plaintiff's constitutional rights, including her right to be free from unlawful seizures and her rights to freedom of speech and freedom of press.

93.     The CITY is vicariously liable for the wrongful acts of Chief Beck, Sgt. Pedroza, Officer Martinez and DOES 1-10 pursuant to section 815.2 of the California

Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.

94.     As a direct and proximate cause of the acts and omissions of Defendants, Plaintiff has suffered extreme mental and emotional distress, humiliation, and anguish.

95.     The acts of these Defendants were willful, wanton, malicious and oppressive justifying the award of exemplary and punitive damages.

## XIII.

## TENTH CLAIM FOR RELIEF

## Intentional Infliction of Emotional Distress

### (As against All Defendants)

96.     Plaintiff re-alleges and incorporates all of the allegations contained in paragraphs 1-95.

97.     The acts described in Section III of Defendants were outrageous, intentional, unlawful, malicious, and committed for the express purpose of causing Plaintiff to suffer mental anguish, emotional distress and represented conduct which goes beyond all possible bounds of decency.

98.     As a direct and proximate cause of the acts and omissions of Defendants, Plaintiff has suffered extreme mental and emotional distress, humiliation, and anguish.

99.     The acts of these Defendants were willful, wanton, malicious and oppressive justifying the award of exemplary and punitive damages.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for judgment against all Defendants, including DOES 1 through 10, inclusive, as follows:

1.      For an award of general and special damages according to proof;

2.      For punitive damages against the individual defendants in their individual capacities according to proof (as to the first, second, fifth, sixth causes, seventh, eighth, ninth and tenth claims for relief only);

3.      For attorney's fees according to proof (as to the first, second, third, fourth, fifth, sixth and seventh claims for relief only);

4.      For costs of suit incurred; and

5.      For such other and further relief as the Court deems just and proper.


Dated:  December 6, 2016                    ROBERT STANFORD BROWN, APC

                                            NANA GYAMFI, ATTORNEY



                                            By:      /S/ Robert S. Brown
                                            _____
                                            Robert S. Brown
                                            Nana Gyamfi
                                            Attorneys for JASMYNE CANNICK

## **DEMAND FOR JURY TRIAL**

Plaintiff JASMYNE CANNICK requests that this action be determined by trial by jury.

Dated:  December 6, 2016                    ROBERT STANFORD BROWN, APC

                                           NANA GYAMFI, ATTORNEY


                                           By:      /S/ Robert S. Brown
                                           _____
                                           Robert S. Brown
                                           Nana Gyamfi
                                           Attorneys for JASMYNE CANNICK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FIRST AMENDED COMPLAINT FOR DAMAGES