ROBERT S. BROWN, State Bar No. 187845
**ROBERT STANFORD BROWN, APC**
714 W. Olympic Boulevard, Suite 450
Los Angeles, California 90015
Telephone: (213) 745-6300
Facsimile: (213) 261-3906
rstanfordbrown@gmail.com

NANA GYAMFI, State Bar No. 171480
**NANA GYAMFI, ATTORNEY**
7526 Crenshaw Blvd.
Los Angeles, CA 90043
Telephone: (323) 947-9772
attorneygyamfi@gmail.com

Attorneys for Plaintiff JASMYNE CANNICK

**MICHAEL N. FEUER**, City Attorney (111529x)
**THOMAS H. PETERS**, Chief Assistant City Attorney
**CORY M. BRENTE**, Supervising City Attorney
**GEOFFREY PLOWDEN**, Deputy City Attorney - (SBN 146602)
200 No. Main Street 6th Floor City Hall East
Los Angeles, CA 90012
email: geoffrey.plowden@lacity.org
Phone: (213) 978-7038 Fax No. (213) 978-8785

Attorneys for Defendants CITY OF LOS ANGELS, CHIEF CHARLIE BECK, RAUL PRDROZA AND JESUS MARTINEZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASMYNE CANNICK,<br>Plaintiff,<br>vs.<br>CITY OF LOS ANGELES, a public entity, CHARLIE BECK, RAUL PEDROZA, LAPD OFFICER MARTINEZ #34593,<br>Defendants. | CASE NO.: 2:16-cv-08965-PA (RAOx)<br>Assigned to Judge Percy Anderson<br>Courtroom: 9A—350 W. 1st Street<br>**JOINT RULE 26(f) REPORT**<br>Scheduling Conference: April 3, 2017<br>Time: 10:30 a.m.<br>Courtroom: 9A |

Plaintiff JASMYNE CANNICK ("Plaintiff") and Defendants CITY OF LOS ANGELES, CHARLIE BECK, RAUL PEDROZA, and JESUS MARTINEZ ("Defendants"), by and through their respective counsel of record, submit the following Joint Rule 26(f) Report.

Pursuant to *Federal Rules of Civil Procedure* Rule 26(f), counsel for the parties started the meet & confer process on March 10, 2017, regarding the case management and nature of the parties' claims and defenses, to develop a discovery plan and prepare the joint report to the Court, and to make arrangements for the required Initial Disclosures between the parties. Robert Brown participated in the conference on behalf of Plaintiff. Geoffrey Plowden participated on behalf of Defendant City of Los Angeles, Charlie Beck, Raul Pedroza and Officer Martinez. Pursuant to *Federal Rules of Civil Procedure* Rule 26(a)(1) and Rule 26(f)(1), the parties agreed to exchange initial disclosures on or before March 30, 2017. In addition, the parties submit their views and proposals concerning the following topics:

## A. SYNOPSIS OF ISSUES, CLAIMS, AND AFFIRMATIVE DEFENSES

### 1. Procedural Background, Jurisdiction and Service.

On December 2, 2016, Plaintiff filed her Complaint in the United States Central District of California. On December 6, 2016, Plaintiff filed her First Amended Complaint. Plaintiff served the First Amended Complaint on the City of Los Angeles on December 16, 2016. On January 8, 2017, Defendant filed its Answer on behalf of the City of Los Angeles. On February 13, 2017, Plaintiff filed a Stipulation regarding the filing of a Second Amended Complaint. At the time of the filing of this Stipulation, the case was assigned to the Honorable Christina A. Snyder. Shortly thereafter, Judge Snyder recused herself. On February 21, 2017, after the case was re-assigned to the Honorable Percy Anderson, Plaintiff re-filed the Stipulation regarding the filing of the Second Amended Complaint. Judge Anderson granted the Stipulation on February 23, 2017. Plaintiff filed the Second Amended Complaint that same day. Plaintiff served

Defendants Charlie Beck and Raul Pedroza with the Second Amended Complaint & Summons on March 6, 2017. Plaintiff served Defendant Officer Martinez with the Second Amended Complaint & Summons on March 7, 2017. Plaintiff's Second Amended Complaint alleges ten claims: (1) Violation of 1st Amendment (42 U.S.C. §1983); (2) Violation of 4th Amendment (42 U.S.C. §1983); (3) Municipal Liability (*Monell* Claim); (4) Municipal Liability—Ratification (42 U.S.C. §1983); (5) Supervisory Liability (42 U.S.C. §1983); (6) Failure to Prevent Violation of Civil Rights (Bystander Liability); (7) Bane Act (California Civil Code §52.1); (8) False Arrest and Imprisonment; (9) Malicious Prosecution; and, (10) Intentional Infliction of Emotional Distress.

On March 10, 2017, Plaintiff's counsel, ("Brown") inquired whether Defendants, through their counsel ("Plowden") would be willing to stipulate to the dismissal of Plaintiff's federal claims. On March 13, 2017, Plowden responded that Defendant was not willing to stipulate. Timing considerations were paramount in Plaintiff's decision to file her action in federal court. Thus, Plaintiff will likely request that this Court dismiss her federal claims and remand her to state court.

**2. Plaintiff's Allegations.**

Plaintiff is a highly respected journalist and political/social commentator. She has written a number of articles and news reports about the LAPD. During her journalistic career, she has written articles or news reports about controversial topics regarding the LAPD and Chief Beck. At times, Plaintiff has been extremely critical of the actions and decisions of the LAPD and its leadership.

Plaintiff alleges that, on November 26, 2014, while covering a protest march against police brutality in downtown Los Angeles as a journalist, she was detained, handcuffed and arrested without probable cause or reasonable suspicion. Officer Martinez was the arresting officer. Plaintiff was unlawfully arrested under Penal Code § 409—Failure to Disperse.

Plaintiff also alleges that at the time of her unlawful detention and arrest, Chief Beck observed her unlawful detention and arrest and knew that she was being unlawfully detained and arrested. Finally, Plaintiff alleges that Chief Beck allowed her to be unlawfully arrested and detained due to his displeasure about Plaintiff's articles or news reports that were extremely critical of the LAPD or his leadership of the LAPD.

Plaintiff further alleges that the police report relating to Plaintiff's arrest contained fabrications regarding the circumstances of Plaintiff's arrest. Based on the information contained in the report, Sgt. Raul Pedroza falsely attributed statements and actions to Plaintiff to justify her unlawful detention and arrest. Specifically, Plaintiff alleges that he made these false claims against her in retaliation for her articles or news reports that were critical of the LAPD.

After her arrest, Plaintiff was transported to Van Nuys jail where she was physically searched and stripped of her belongings. She was not released from custody until the next morning on November 27, 2014.

As a result of this falsified arrest report, the Los Angeles City Attorney's Office filed criminal charges against Plaintiff. These baseless criminal charges were finally dismissed on or about November 19, 2015.

**3. Defendants' Contentions.**

Plaintiff has made many incorrect assumptions about the Los Angeles Police Department, which will not be borne about by the evidence in this matter. Chief Beck played no role in the arrest of plaintiff. Plaintiff was arrested because she participated in an unlawful (and dangerous) assembly on November 26, 2014. Nearly 100 persons were arrested for violating California Penal Code Section 409 (unlawful assembly), and plaintiff was merely one of them. Her status as a blogger/"journalist" had nothing to do with her arrest. She was treated similarly as her fellow arrestees, a rogue group of protesters (with no permit to march), whom she was following as they disrupted traffic and ignored two LAPD dispersal orders at rush hour in downtown Los Angeles. As

plaintiff's arrest and booking (and subsequent criminal prosecution) was supported by ample probable cause, and as her actual arrest was captured on video, wherein she was not subjected to any force, all of her claims must fail.

**B. <u>KEY LEGAL ISSUES</u>**

The key legal issues in this case are as follows:

- Whether Plaintiff, Jasmyne Cannick was falsely arrested in violation of her First and Fourth Amendment rights.
- Whether Charlie Beck ratified Plaintiff's arrest.
- Whether the City of Los Angeles has a policy or custom of falsely arresting individuals in violation of their First and Fourth Amendment rights.
- Whether Plaintiff can recover damages from Defendants for their alleged acts and/or failure to act regarding Plaintiff's arrest.

**C. <u>OTHER PARTIES OR CLAIMS, AMEND PLEADINGS OR TRANSFER VENUE:</u>**

Plaintiff does not anticipate adding additional defendants, namely individual police officers and/or their supervisors who were involved in the acts alleged in Plaintiff's Second Amended Complaint. Plaintiff also does not anticipate adding any additional claims at this time. But Plaintiff reserves the right to amend to add additional parties or claims as discovery and investigation proceeds. Plaintiff does not anticipate filing any motion to transfer venue at this time.

**D. <u>MOTIONS</u>**

Plaintiff does not anticipate the filing of any dispositive motions, other than discovery motions or motions in limine. Plaintiff would request that the Court order the following briefing schedule for any Motion for Summary Judgment: (1) That Defendants file any motion for summary judgment 8 weeks before the hearing date; (2) that Plaintiff's Opposition be due 5 weeks before the hearing date; and, (3) that Defendant's Reply be due 2 weeks before the hearing date.

Defendants anticipate filing a motion for summary judgment.

## E. <u>INITIAL DISCLOSURES, DISCOVERY AND EXPERTS</u>:

### 1. Initial Disclosures.

The parties have agreed to the mutual exchange of initial disclosures on or before March 30, 2017.

### 2. Preservation of discoverable information.

Each Party has made appropriate arrangements for the preservation of discoverable information.

### 3. Discovery Plan.

See Section H below, regarding the parties' proposed discovery plans. With respect to additional information regarding the discovery plan required to be stated herein under Fed. R. Civ. P. 26(f)(3), the Parties state the following:

A. <u>Plaintiff's Subjects On Which Discovery May Be Needed</u>.

Without prejudice to their rights to seek discovery on any relevant issue, Plaintiff contemplates that they will need and seek discovery concerning: all evidentiary support from Defendants and any relevant non-party regarding Plaintiff's liability claims.

B. <u>Defendants' Subjects on Which Discovery Will be Needed</u>.

Without prejudice to their rights to seek discovery on any relevant issue, Defendants contemplate that they will need and seek discovery concerning: the basis of Plaintiff's claims, theories of liability and damages, Defendants' defenses to each, and any and all factual, evidentiary, and legal support.

C. <u>Agreed Upon Methods of Discovery</u>.

The parties agree that the anticipated methods of future discovery will include: (1) written discovery in the form of Special Interrogatories, Requests for Admissions, and Requests for Production of Documents; (2) written discovery via issuance of subpoenas to third parties; and (3) oral depositions of Plaintiff, Defendants' employees and "person(s) most knowledgeable" under Rule 30(b)(6), and other relevant witnesses.

**4. Electronically Stored Information.**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI"). The parties currently do not anticipate that any particular issues regarding ESI will arise.

**5. Claims of Privilege / Protection of Trial Material.**

The parties currently do not anticipate that any particular issues regarding claims of privilege or of protection of trial-preparation materials will arise. Defendants may seek protections as to disclosure of official and peace officer personnel information.

**6. Changes to Discovery Imposed By the FRCP or Local Rule.**

The parties are not requesting changes to the limitations on discovery imposed under the *Federal Rules of Civil Procedure* or Local Rules. Should additional discovery beyond what is allowable under the *Federal Rules of Civil Procedure* be necessary, the parties agree to meet and confer in good faith to resolve the issues. Should the parties be unable to resolve discovery issues, all parties reserve their right to bring matters before the Court.

**F. ADR MECHANISM/SETTLEMENT EFFORTS:**

No settlement efforts have been made to date.

The Parties prefer and agree to ADR Procedure No. 2.

**G. TRIAL:**

Plaintiff estimates the length of jury trial to be 4-5 days. Defendant City of Los Angeles estimates the trial to take Court four days.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**H. PROPOSED TIMETABLE:**

The Parties propose the following schedule of pre-trial and trial dates:

| Matter | Time | Defendant's Proposal | Plaintiff's Proposal | Court |
|---|---|---|---|---|
| Trial Date (Jury) Estimated Length: 4-5 Days | 8:30 a.m. | ***March 6, 2018*** | March ***6, 2018*** | |
| Final Pretrial Conference | | ***February 19, 2018*** | ***February 19, 2018*** | |
| Last Day to Amend Pleadings or Add Parties | | ***May 1, 2017*** | ***July 14, 2017*** | |
| Last Day to Designate Expert Witnesses | | ***December 4, 2017*** | ***December 4, 2017*** | |
| Discovery Cut-Off | | ***December 10, 2017*** | ***December 10, 2017*** | |
| Last Day for Hearing Motions | | ***Feb. 5, 2018*** | ***Feb. 5, 2018*** | |

**I. OTHER ISSUES AFFECTING THE STATUS OR MANAGEMENT OF THE CASE:**

The parties are not currently aware of any other issues affecting the status or management of the case. There are related cases stemming from the same underlying incident pending in the Central District (see, e.g. *Chua v. City of Los Angekes,* 16-00237-JAK-GJS(x))

/ / /

/ / /

**J. <u>SEVERANCE, BIFURCATION OR OTHER ORDERING OF PROOF:</u>**

Plaintiff currently has no intention of severing or bifurcating any claims or defenses, however, reserves her rights as discovery and investigation proceeds. Plaintiff is not aware of any issues regarding the ordering of proof at trial. Plaintiff submits that Phase I of the trial should be on the issues of liability and compensatory damages. Phase II of the trial should be on the issue of punitive damages. Phase III of the trial should be on the issue of *Monell* liability. Defendants submit *Monell* discovery should be bifurcated and stayed, and that damages be bifurcated from liability at time of trial.

**K. <u>TRIAL SCHEDULE OF COUNSEL</u>**

Plaintiff's counsel trial schedule is as follows:

- *Peter McClung v. West Covina Unified School District* (BC604804) August 7-21, 2017;
- *Luis Garcia v. City of Los Angeles* (BC608170) October 12-22, 2017;
- *Arno P. Kulgoua v. California Corrections Health Care Services, et. al.* (BC608602) October 31- November 13, 2017;
- *Luis Zapata v. GL CCT, LLC* (BC633275) December 11-18, 2017; and,
- *Paul Marshall, et. al. v. City of Riverside* (RIC1501909) February 2-12, 2018.

Defendant's trial counsel schedule as follows:

Defendants' counsel is engaged November 14-28, 2017 and January 3-13, 2018.

Dated: March 16, 2017

ROBERT STANFORD BROWN, APC
NANA GYAMFI, ATTORNEY

By: /S/ Robert S. Brown

Robert S. Brown
Nana Gyamfi
Attorneys for Plaintiff
JASMYNE CANNICK

Date: March 16, 2017

OFFICE OF THE CITY ATTORNEY

By:________/S/_________

Geoffrey Plowden
Deputy City Attorney
Attorney for Defendants
CITY OF LOS ANGELES, CHARLIE BECK, RAUL PEDROZA, OFFICER JESUS MARTINEZ